FILED
CLERK, U.S. DISTRICT COURT
SEP 14 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___RS___ DEPUTY

WARREN METLITZKY (CA Bar No. 220758)
Email:     wmetlitzky@conradmetlitzky.com
ELLEN M. RICHMOND (CA Bar No. 277266)
Email:     erichmond@conradmetlitzky.com
MIGUEL GRADILLA (CA Bar No. 304125)
Email:     mgradilla@conradmetlitzky.com
**CONRAD & METLITZKY LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:  (415) 343-7101

Attorneys for Plaintiff
ABBOTT LABORATORIES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBOTT LABORATORIES,<br><br>    Plaintiff,<br><br>  v.<br><br>ABBOT GENETICS INC., et al.,<br><br>    Defendants. | CASE NO. 2:20-CV-08403-ODW-PLAx<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER, ASSET FREEZE, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>**[FILED UNDER SEAL]**[1] |

---

[1] Pursuant to Local Rule 79-5.2.1(b), a motion to file this action temporarily under seal is filed concurrently herewith. Plaintiff asks that the case be filed under seal temporarily, until after the Court has ruled on the instant *ex parte* application for a temporary restraining order, so as not to alert the Defendants or other involved parties to the filing of this civil action or to Plaintiff's request for an asset freeze.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-19 of the Local Rules for the United States District Court for the Central District of California, Rule 65 of the Federal Rules of Civil Procedure, and the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, on September 14, 2020, Plaintiff Abbott Laboratories ("Abbott") hereby applies *ex parte* to the United States District Court for the Central District of California, Western Division, located at 350 West First Street, Suite 4311, Los Angeles, California, 90012-4565, for the following relief restraining Defendant Abbot Genetics Inc. ("Abbot Genetics") and Defendant Nana Yalley as follows:

1. That the Court issue a temporary restraining order that enjoins the conduct of Defendants as follows:

   a. Defendants shall not use the "Abbot" or "Abbot Genetics" marks, names, or designations, nor shall they use any other mark, name, or designation that is confusingly similar to the Abbott Marks as set forth in Exhibit A to the Complaint in this matter. This prohibition shall extend to all goods or services sold by Defendants, including but not limited to any diagnostic tests for COVID-19, and shall include any medium where such mark, name, or designation may be used, including product packaging, marketing materials, websites, and/or social media platforms;

   b. Defendants shall not register, traffic in, or use a web domain name that is identical or confusingly similar to the Abbott Marks, including but not limited to www.abbotgenetics.com;

   c. Defendants shall not represent, by any means whatsoever, that any services or goods advertised, offered, or sold by Defendants are Abbott's services or goods, and shall refrain from acting in a way likely to cause confusion, mistake, or deception on the part of customers, including but not limited to health care service providers, as to the origin or sponsorship of such goods

or services, from competing unfairly with Abbott, or from engaging in any further acts of infringement of Abbott's Marks;

d. Defendants are prohibited from assisting, aiding, or abetting any other person or business entity from engaging in the acts set forth above, including by effecting any assignment or transfer or forming new entities or associations;

e. Defendants shall take affirmative steps to dispel such false impressions that heretofore have been created by their use of the Abbott Marks, including, but not limited to, recalling from any and all channels of trade any and all infringing goods or services, such as medical devices, healthcare equipment, and/or diagnostic tests for COVID-19 bearing the name "Abbot Genetics" anywhere on the product or packaging;

f. Defendants shall preserve, maintain, and not destroy any evidence pertaining to this case, including any electronic evidence, electronic files or folders stored on any medium.

g. Defendants shall preserve all assets and funds held in any bank or other financial account owned or controlled by Abbot Genetics and shall not transfer, encumber, liquidate, pledge, loan, conceal, disburse, spend, withdraw, or otherwise dispose of such funds until after the expiration of this Order.

h. Within fourteen (14) days of this Order, Defendants shall transfer to Abbott all ownership, right, title, and interest in the web domain www.abbotgenetics.com.

Abbott requests that the Order be made binding upon all parties to this action, their officers, agents, servants, employees, and attorneys, and persons in active concert or participation or privity with any of them who receive notice of this order by personal service or otherwise. Abbott further requests that the Court decline to set a bond in

connection with the restraining order and direct Defendants to show cause why a preliminary injunction should not issue.

Abbott further requests that any and all funds or assets located in JP Morgan Chase Bank Account No. 611099695 ("Account") owned by Defendant Abbot Genetics be frozen. Abbott requests that JP Morgan Chase Bank produce, within 5 business days, a full accounting of the Account, to include credit, debits, deposits, withdrawals, and all documents pertaining to wire transfers sent or received in connection with the Account, including but not limited to (a) Fed Wire, CHIPS, SWIFT, or other money transfer of message documents; and (b) documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the destination of any funds wired out of the Account. Abbott requests that this asset freeze shall be effectuated by Abbott through *ex parte* service of a copy of this Order upon an authorized representative of JP Morgan Chase Bank.

Abbott's *ex parte* application for a temporary restraining order is based on this *Ex Parte* Application; the Memorandum of Points and Authorities submitted herewith; the Declarations and the Exhibits thereto submitted in support of the Memorandum; all documents on file in this action; and such further evidence or argument as may be presented before or at the hearing on this *ex parte* application.

As explained more fully in the accompanying Memorandum of Points and Authorities and supporting documents, Abbott is seeking this relief on an *ex parte* basis because Defendants are infringing the Abbott Marks, as defined and described in its Complaint, by selling infringing diagnostic tests for COVID-19. Defendants are not authorized to use the Abbott Marks. Abbott is entitled to the requested relief because its reputation and goodwill in the marketplace are being irreparably harmed. Defendants will continue to infringe and damage Abbott's reputation and goodwill absent the requested relief. Because Abbott has a right and an obligation to police and control its trademarks and the quality of products offered for sale or sold under those marks, it seeks this immediate relief.

In the event this application is not granted, Abbott will be prejudiced because it will be delayed in stopping Defendants' infringement and delayed in determining from whom Defendants obtained, and to whom Defendants have sold or delivered, their infringing products. Thus, Abbott has good cause for this application.

Pursuant to Local Rule 7-19.2, Abbott requests that the Court waive the notice requirement of Local Rule 7-19.1 and that this *ex parte* application, as well as the accompanying *ex parte* requests for temporary sealing and expedited discovery, be heard without notice to Defendants. Immediate and irreparable injury, loss, or damage will result to Abbott if notice is provided. As set forth in the accompanying Declaration of Scott Wilcox, there is extensive evidence that Defendant Nana Yalley, the Chief Executive Officer of Defendant Abbot Genetics, is likely to evade the relief requested herein through flight or transfer in the event notice is provided. Yalley is affiliated with a string of failed business and/or abandoned corporate entities that encompass numerous different industries. Rather than an established player in the healthcare industry, Yalley is a recent entrant who formed Abbot Genetics just after the COVID-19 pandemic reached the United States for the primary purpose of selling COVID-19 tests that infringe the Abbott Marks. Yalley is likely to abscond with the proceeds of his infringing business at Abbot Genetics if notice is provided to him about the relief sought in this *ex parte* application. His anticipated flight will leave Abbott unable to obtain meaningful redress for the harm caused by Defendants' conduct.

DATED: September 14, 2020           Respectfully submitted,

CONRAD & METLITZKY LLP

_[signature]_ with express permission

WARREN METLITZKY
ELLEN RICHMOND
MIGUEL GRADILLA
Attorneys for Plaintiff Abbott Laboratories

- 5 -

| CASE NO. _____ | EX PARTE APP. FOR TRO, ASSET FREEZE, AND OSC RE PI |

# Exhibit A

| Mark | Reg. No. (Reg. Date) | Goods and/or Services |
| --- | --- | --- |
| ABBOTT | 4,023,123 (Sept. 6, 2011) | Chemical reagents, namely, reagent strips for body fluid testing for use in the scientific research industry; control solutions and control reagents for use with scientific apparatus and instruments for quality control and calibration purposes.<br><br>Chemical reagents, namely, diagnostic medical reagent strips for use by individuals to test their own body fluids and for use by the medical profession.<br><br>Computer communications hardware for connection to a medical test instrument data storage memory and to a computer for downloading stored data to the computer and computer software, sold therewith, for displaying the downloaded data; computer software used to manage point of care diagnostic instrument test results.<br><br>Medical diagnostic apparatus used to detect and measure the level of substances in body fluids; lances, lancets and lancing devices and body fluid monitoring, diagnostic and testing apparatus and instruments and diagnostic kits containing test strips, test meter and control solutions; apparatus for measuring dosages and delivering pharmaceuticals, namely, medical pumps and pens.<br><br>On-line health and medical services, namely, providing an interactive database for exchange of information between a |

| | | |
|---|---|---|
| | | medical device user and healthcare providers, delivered via a global computer network. |
| ABBOTT | 3,842,268 (Aug. 31, 2010) | Reagents for scientific and medical research use; genetic diagnostic kits composed of DNA probes, reagents and antibodies for scientific research.<br><br>Medical diagnostic reagents; genetic diagnostic kits composed of DNA probes, detection reagents and antibodies for use in clinical medicine.<br><br>Integrated system comprised of a computer, color monitor, optical disk drive and photographic printer.<br><br>Medical diagnostic instruments, namely, sample handlers, sample preparation equipment, equipment for testing bodily fluids for medical diagnosis. |
| ABBOTT | 3,842,269 (Aug. 31, 2010) | Computerized software programs for use in connection with a system for analyzing blood.<br><br>Blood analyzing instrument for medical diagnostic purposes and disposable cartridges and reagents for use therein.<br><br>Instruction manuals for use with a computerized blood analysis system consisting primarily of a portable blood analyzer, a computer, computer software and a portable printer. |

# Exhibit B



Exhibit B
30